UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case:  16-cv-1323 (ARR)(RML)
DWAYNE ARTHUR

                          **AMENDED COMPLAINT**

                 Plaintiff,

                              PLAINTIFF'S DEMAND
        -against-              TRIAL BY JURY

DET. DUMALLE,
P.O. WILLIAMS,
P.O. GONZALES,
THE CITY OF NEW YORK,
P.O. "JANE DOE" and
P.O. "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last Defendants
being fictitious, the true names
of the Defendants being unknown
to the Plaintiff.

                 Defendants.
------------------------------------------------------------X

      Plaintiff, DWAYNE ARTHUR, by and through his attorney, Paul Hale, Esq. 26 Court St. Ste. 913 Brooklyn, NY 11242, complaining of the Defendants, DET. DUMALLE, P.O. WILLIAMS, P.O. GONZALES, The City of New York, Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiff by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiff's claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of Kings in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting and detaining plaintiff.

## PARTIES

7. DWAYNE ARTHUR is a citizen of the United States, resides in New York, is a resident of the State of New York, and was 18 years old at the time of the incident.

8. At all times relevant to this action, Defendant DET. DUMALLE was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity. Upon information and belief, DET. DUMALLE was the arresting officer, is Caucasian, and had brown hair at the time of the incident.[1]

9. At all times relevant to this action, Defendant P.O. WILLIAMS was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity. Upon information and belief, P.O. WILLIAMS is a heavy set male officer.[2]

10. At all times relevant to this action, Defendant P.O. GONZALES was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity. Upon information and belief, P.O. GONZALES is a below average height, heavy set male Hispanic officer.[3]

11. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

12. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendant Police Officers.

13. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described herein.

---

[1] Presently, Plaintiff does not have the full name of DET. DUMALLE, therefore, plaintiff reserves his right to amend this Amended Complaint once the full name has been ascertained.
[2] Presently, Plaintiff does not have the full name of P.O. WILLIAMS, therefore, plaintiff reserves his right to amend this Amended Complaint once the full name has been ascertained.
[3] Presently, Plaintiff does not have the full name of P.O. GONZALES, therefore, plaintiff reserves his right to amend this Amended Complaint once the full name has been ascertained.

## FACTUAL BACKGROUND

14. On or about 5/23/2014 at 6 pm while on Thompkins Ave between Myrtle and Vernon in Brooklyn, NY, Plaintiff was approached by three members of the New York City police department.

15. Upon information and belief, these three officers were DET. DUMALLE, P.O. GONZALES, and an unknown "JOHN DOE 1"[4] officer who can be described as male, African American and tall.

16. The three officers immediately began accosting plaintiff and searching though his pockets without justification or reasonable suspicion.

17. Upon Plaintiff's verbal protests that his rights were being violated he had his head slammed against a metal fence and was subsequently handcuffed.

18. Plaintiff was then taken to the 79th Precinct.

19. At the police precinct Plaintiff was placed in a cell handcuffed.

20. Plaintiff continued to protest about his arrest and was then set upon by numerous police officers. During the attack by the police officers Plaintiff was kneed in the face, punched in the face, and punched numerous times about his body. This all took place while still handcuffed.

21. Upon information and belief, P.O. WILLIAMS punched Plaintiff in the face with enough force to fracture his right orbit.

22. Upon information and belief, officer "JOHN DOE 2"[5] also kneed plaintiff in the face exacerbating the injury. "JOHN DOE 2" can be described as Caucasian and approximately

---

[4] Presently, Plaintiff does not have the full name of P.O. JOHN DOE 1, therefore, plaintiff reserves his right to amend this Amended Complaint once the full name has been ascertained.

[5] Presently, Plaintiff does not have the full name of P.O. JOHN DOE 2, therefore, plaintiff reserves his right to amend this Amended Complaint once the full name has been ascertained.

6 feet 6 inches tall.

23. Plaintiff was then forcefully strip searched as he lay wounded on the cell floor.

24. Despite Plaintiff's obvious injuries[6] he was not given medical treatment until hours later.

25. Numerous officers were present and did not intervene in the obvious illegal behavior of their fellow officers.  Upon information and belief, the officers present included but are not limited to, DET. DUMALLE, P.O. GONZALES, "JOHN DOE 1", and numerous other unknown officers.

26. Plaintiff was eventually transported to Woodhull Hospital at approximately 9:30 PM.  It should be noted that plaintiff was arrested at approximately 6 PM and Woodhull Hospital is only a 10 minute drive from the 79th Precinct.  Upon information and belief, the police officers on scene purposefully delayed taking Plaintiff to hospital as a punitive measure, or at the very least, were deliberately indifferent to his bleeding and swollen face.

27. At the hospital, Plaintiff was handcuffed to a hospital bed and observed with dried blood and swelling to his nose and right side of his face.

28. Plaintiff was diagnosed with multiple fractures to his right orbit, elevated fluid levels in his maxillary sinuses, subconjunctival hemorrhage of his right eye, and conjunctival and corneal abrasions to his right eye.

29. Plaintiff was hospitalized for five days, until his discharge on May 28th, 2014.

30. During Plaintiff's hospitalization he was continually under police supervision and handcuffed to his bed.  At no time was he arraigned by a Judge while in custody at the hospital.

31. During Plaintiff's hospitalization he underwent surgery which included an open reconstruction of his right orbital floor.  During the operation Plaintiff had a Stryker Medpor implant placed permanently on his right orbital floor.  Plaintiff received six sutures to close

---

[6] According to Plaintiff's medical records he was bleeding and his face was extremely swollen.

his wound. The operation lasted approximately 4 hours.

32. Upon Plaintiff's discharge from the hospital he was taken to Kings County Central Booking where he saw a Criminal Court Judge and received an ACD. Plaintiff was charged with possession of marijuana.

33. Plaintiff subsequently had major vision impairment out of his right eye for approximately three weeks.

34. Plaintiff had six sutures removed approximately two weeks after his surgery.

35. At no time did Plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

36. At no time did Plaintiff resist arrest or fight with the police.

37. Defendants' attack on Plaintiff was excessive and unreasonable.

38. The unlawful arrest and imprisonment of Plaintiff was intentional, malicious, reckless and in bad faith, and was done without any legitimate cause or justification.

39. As a direct and proximate result of Defendants' actions, Plaintiff was arrested and detained without just or probable cause.

40. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

41. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

42. Defendant City of New York, as a matter of policy and practice, has with deliberate

indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

43. The actions of Defendants, acting under color of State law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from false arrest.

44. By these actions, Defendants have deprived Plaintiff of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

45. Plaintiff each filed a Notice of Claim within 90 days of his arrest. (2014PI022369)

46. This action was initially commenced in Kings County Supreme Court within one year and ninety days after the incident upon which the claim is based. (511827/2014)

47. A Civilian Complaint Review Board investigation was also opened and subsequently closed relating to the incident. (CCRB #: 201405252)

**AS A FIRST CAUSE OF ACTION:**
**42 U.S.C. Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants**

48. Plaintiff hereby restates all paragraphs above of this Complaint as fully set forth here.

49. By detaining and imprisoning Plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the

Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

50. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

51. As a direct and proximate cause of the acts of the Defendants, Plaintiff suffered the following violations of his constitutional rights:

   A. Arrest not based upon probable cause;

   B. Excessive force imposed upon him;

   C. Deprivation of life and liberty without due process of law;

   D. Unlawful search; and

   E. Denial and delay of medical services.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### 42 U.S.C. Section 1983 – False Arrest – against all Defendants

54. Plaintiff hereby restates all paragraphs above of this Complaint as fully set forth prior.

55. At no time did Plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

56. The unlawful arrest and imprisonment of Plaintiff was intentional, malicious, reckless and in bad faith, and was done without any legitimate cause or justification.

57. As a direct and proximate result of Defendants' actions, Plaintiff was arrested and detained without just or probable cause.

58. The actions of Defendants, acting under color of State law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the right to be free from false arrest.

59. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A THIRD CAUSE OF ACTION:
### 42 U.S.C. Section 1983 – Excessive Force – against all Defendants

60. Plaintiff hereby restates all paragraphs above of this Complaint as fully set forth prior.

61. At no time did Plaintiff resist arrest or fight with the police.

62. Defendants' attack on Plaintiff was excessive and unreasonable.

63. The actions of Defendants, acting under color of State law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, to be free from the excessive use of force.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A FOURTH CAUSE OF ACTION:
### 42 U.S.C. Section 1983 – Deprivation of Life and Liberty Without Due Process of Law – against all Defendants

65. Plaintiff hereby restates all paragraphs above of this Complaint as fully set forth prior.

66. If the actions of Defendants fall outside of the Fourth or Eighth Amendments it is to be addressed under failure to provide due process.

67. Upon information and belief, the police officers on scene purposefully delayed taking Plaintiff to hospital as a punitive measure, or at the very least, were deliberately indifferent to his bleeding and swollen face.

68. The delay in taking Plaintiff to the hospital caused unneeded pain, fear, and alarm.

69. The actions of Defendants, acting under color of State law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, to be free from deprivation of life and liberty without due process of law.

70. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A FIFTH CAUSE OF ACTION:
### 42 U.S.C. Section 1983 – Unlawful Search – against all Defendants

71. Plaintiff hereby restates all paragraphs above of this Complaint as fully set forth prior.

72. At no time did Plaintiff commit any offense against the laws of New York City and or State for which a search of his person may be lawfully made.

73. At no time did the arresting officers have reasonable suspicion to search Plaintiff prior to his arrest.

74. At no time did the Defendants have reason or cause to strip search Plaintiff after his arrest.

75. At no time did Plaintiff consent to any search of his person.

76. The actions of Defendants, acting under color of State law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, to be free from unlawful search of his person.

77. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SIXTH CAUSE OF ACTION:
### 42 U.S.C. Section 1983–Denial and Delay of Medical Treatment– against all Defendants

78. Plaintiff hereby restates all paragraphs above of this Complaint as fully set forth prior.

79. Upon information and belief, the police officers on scene purposefully delayed taking Plaintiff to hospital as a punitive measure, or at the very least, were deliberately indifferent to his bleeding and swollen face.

80. The delay in taking Plaintiff to the hospital caused unneeded pain, fear, and alarm.

81. The actions of Defendants, acting under color of State law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, to be free from denial of medical treatment.

82. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SEVENTH CAUSE OF ACTION:
### 42 U.S.C. Section 1983–Failure to Intervene in Violation of Fourth Amendment– against all Defendants

83. Plaintiff hereby restates all paragraphs above of this Complaint as fully set forth prior.

84. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

85. The Defendant Police Officers were present for the above-described incident and witnessed other Defendants' actions.

86. The Defendant Police Officers' use of force against Plaintiff was unjustified under the circumstances yet the Defendant Police Officers failed to take any action or make any effort

to intervene, halt or protect Plaintiff from being subjected to their actions by other Defendant Police Officers.

87. The Defendant Police Officers' violations of Plaintiff's constitutional rights by failing to intervene in other Defendants' clearly unconstitutional actions resulted in the injuries and damages set forth prior.

**Pendent State Law Claims Under New York State Law**

**AS A EIGHTH CAUSE OF ACTION:**
**Assault and Battery–against all Defendants**

88. Plaintiff hereby restates all paragraphs above of this Complaint as fully set forth prior.

89. In physically assaulting, handcuffing, and intimidating the Plaintiff, the Defendant Police Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon the Plaintiff.

90. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages stated prior.

**AS A NINTH CAUSE OF ACTION:**
**False Arrest and False Imprisonment–all Defendants**

91. Plaintiff hereby restates all paragraphs above of this Complaint as fully set forth prior.

92. The Defendant Police Officers wrongfully and illegally detained and imprisoned Plaintiff.

93. The wrongful arrest and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

94. At all relevant times, the Defendants acted forcibly in apprehending, detaining, and arresting Plaintiff.

95. During this period, Plaintiff was unlawfully, wrongfully and unjustifiable detained and deprived of his liberty, and imprisoned.

96. All of the foregoing occurred without any fault or provocation on the part of Plaintiff.

97. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's detention and arrest during this period of time. Defendant CITY OF NEW YORK, as employers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

98. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

99. Furthermore, Defendants' failure to arraign Plaintiff in a timely matter deems his arrest unlawful. Plaintiff was not arraigned during his entire five day hospitalization.

100. A failure to arraign for an undue length of time makes Plaintiff's detention void *ab initio*. In *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661 (1991) the Supreme Court of the United States answered the question of whether suspects arrested without a warrant must be arraigned within a reasonable amount of time to determine if there is probable cause for holding the suspect in custody. The Supreme Court justices found that defendant's practices in regards to warrantless arrests were unconstitutional and ruled that suspects who are arrested without a warrant must be arraigned within 48 hours.

101. *Lewis v. Counts*, 81 AD 2d 857, 438 NYS 2d 863 (2nd Dept. 1981)[7] also holds that an arrest which is initially lawful may be rendered void *ab initio* if there is an unnecessary delay in arraignment. "Clearly, if a delay in arraignment may render a lawful arrest void *ab initio*, a failure to conduct any probable determination whatsoever must, of necessity, render the arrest unlawful as a matter of law."

---

[7] Adopted by the 1st Department. "An action for false imprisonment may arise, even if an arrest was lawful in its inception, if there was an "unnecessary delay" in arraigning the plaintiff (*Lewis v Counts, 81 AD2d 857, 438 NYS2d 863 [1981]*), or if the conduct of the police "toward plaintiff after the arrest was not legally justifiable" (*Clark v Nannery, 292 NY 105, 108, 54 NE2d 31 [1944]*)." *Murray v. NYC* 1st Dept. (2010) 74 A.D.3d 550.

## AS A TENTH CAUSE OF ACTION:
### Intentional Infliction of Emotional Distress–all Defendants

102. Plaintiff hereby restates all paragraphs above of this Complaint as fully set forth prior.

103. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to Plaintiff.

104. Plaintiff's emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which was inflicted through deliberate and malicious detention, imprisonment and assault by the Defendant Officers.

105. Defendants, their officers, agents servants, and employees are responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendant CITY OF NEW YORK, as employers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

106. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein-before stated.

## AS AN ELEVENTH CAUSE OF ACTION:
### Negligent and Retention of Employment Services–against all Defendants

107. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth prior.

108. Upon information and belief, Defendant CITY OF NEW YORK, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.

109. Defendant CITY OF YORK selected, hired, trained, retained, assigned and supervised all NEW YORK CITY police officers, including the officers involved in Plaintiff's arrest.

110. Defendant CITY OF YORK was negligent and careless when it selected, hired, trained, retained, assigned and supervised all members of its police department, including the officers involved in Plaintiff's arrest

111. Upon information and belief, Defendant CITY OF NEW YORK owed a duty of care to

Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

112. Upon information and belief, Defendant CITY OF NEW YORK knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

113. Upon information and belief, Defendant CITY OF NEW YORK'S negligence in hiring and retaining the employees Defendant CITY OF NEW YORK proximately caused Plaintiff's injuries.

114. Upon information and belief, because of the Defendant CITY OF NEW YORK'S negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

4. On the Forth Cause of Action against all Defendants, compensatory and punitive

        damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

5. On the Fifth Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

6. On the Sixth Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

7. On the Seventh Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

8. On the Eighth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs;

9. On the Ninth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs;

10. On the Tenth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs;

11. On the Eleventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs; and

12. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, NY
      9/15/16

                                  By:        /s/
                                         Paul Hale, Esq.
                                         26 Court St. Ste. 913
                                         Brooklyn, NY 11242
                                         (718) 554-7344